


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER: 18 CR 24 |
| v. | Chief Judge Rubén Castillo |
| JIONGSHENG ("JIM") ZHAO | |

### GOVERNMENT'S MOTION FOR AN EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

Now comes the UNITED STATES OF AMERICA, by SANDRA MOSER, Acting Chief of the Fraud Section of the Criminal Division, United States Department of Justice, and states as follows in support of its Motion For an Exclusion of Time under the Speedy Trial Act:

On January 11, 2018, the Honorable Jeffrey Cole, United States Magistrate Judge for the Northern District of Illinois, issued a warrant for the arrest of JIONGSHENG ("JIM") ZHAO (the "Arrest Warrant"), based upon a criminal complaint (with supporting affidavit of FBI Special Agent A. Wesley Nevens (the "Affidavit")), charging ZHAO with wire fraud, in violation of Title 18, United States Code, Section 1343; commodities fraud, in violation of Title 18, United States Code, Section 1348; and spoofing, in violation of Title 7, United States Code, Sections 6c(a)(5)(C) and 13(a)(2) (the "Complaint"). That same day, Judge Cole ordered that the Complaint, Affidavit, Arrest Warrants, be sealed until the time of arrest of the defendant in this case in the territorial jurisdiction of the United States, or further order of the Court, whichever occurs earlier.

On January 29, 2018, the Honorable Maria Valdez, United States Magistrate Judge for the Northern District of Illinois, entered an order granting the motion of the government to unseal the Complaint, Affidavit, Arrest Warrants, and accompanying documents in this case.

ZHAO is an Australian citizen who lives and works in Sydney, Australia. On January 29, 2018, ZHAO was arrested by the Australian Federal Police ("AFP") and remanded into extradition custody pending a hearing scheduled for February 7, 2018. ZHAO has not appeared or been arrested in the territorial jurisdiction of the United States.

Under Title 18, United States Code, Section 3161(b), the Speedy Trial Act requires that an information or indictment charging an individual with the commission of an offense be filed within thirty days of the date on which a defendant is arrested in connection with the charges. Section 3161(h)(3)(A) provides that "[a]ny period of delay resulting from the absence or unavailability of the defendant" "shall be excluded in computing the time within which an information or an indictment must be filed." Section 3161(h)(3)(B) provides that "a defendant . . . shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."

The government is diligently pursuing ZHAO's extradition to the United States and anticipates that extradition proceedings will likely continue for more than sixty days. Accordingly, ZHAO is currently unavailable for prosecution in the United

States, *see* 18 U.S.C. 3161(h)(3), and is likely to remain unavailable for at least sixty days.

For the foregoing reasons, the government respectfully requests that the Court exclude sixty days from the time within which an information or indictment must be filed, pursuant to Title 18, United States Code, Section 3161(h)(3).[1]

DATE: January 31, 2018

Respectfully submitted,

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division

By: /s/ *Matthew F. Sullivan*
Matthew F. Sullivan
Trial Attorney
(202) 353-6200

Michael T. O'Neill
Trial Attorney
(202) 616-1645

---

[1] The government makes this motion out of an abundance of caution and, in doing so, concedes neither that ZHAO has been "arrest[ed]" as that term is used in Title 18, United States Code, Section 3161(b), nor that a motion is necessary in order for time to be excluded from the Speedy Trial Act calculation under Section 3161(h).